IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-75-KS

| | | |
|---|---|---|
| BARRY D. CLAPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court pursuant to Fed. R. Civ. P. 12(c) on the parties' cross motions for judgment on the pleadings [DE # 26 & 30], the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Plaintiff Barry D. Clapp filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of his application for disability insurance benefits and supplemental security income. The parties have fully briefed the issues, and the pending motions are ripe for adjudication. On March 25, 2015, the court held oral argument in the matter. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties and considered the arguments of counsel. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings and remands this matter to the Commissioner for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for disability insurance benefits and supplemental security income on November 9, 2009, alleging disability beginning August 1, 2005. (Tr. 13.) The application was

denied initially and upon reconsideration, and a request for hearing was filed.  (*Id.*)   On June 22, 2012, a hearing was held before Administrative Law Judge Gregory M. Wilson ("ALJ"), who issued an unfavorable ruling on October 17, 2012.  (Tr. 13-44.)   Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner.   Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

### I.     Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original).   "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'"  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original).  Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence.  *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). ).   "Judicial review of an administrative

decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir. 1983).

## II. Disability Determination Process

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act. (Tr. 43.) At step one, the ALJ found Plaintiff had not been engaged in substantial gainful employment since August 1, 2005, the alleged onset date. (Tr. 15.) Next, he determined that Plaintiff had the following severe impairments: cervical degenerative disc disease, lumbar degenerative disc disease, obesity, anxiety, and bipolar disorder. (Tr. 15.) The ALJ also found that Plaintiff had hypertension, hyperglycemia, and obstructive sleep apnea but determined these to be non-severe impairments. At step three, the ALJ concluded Plaintiff's

impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"), and found that Plaintiff had the ability to perform a reduced range of medium work. (Tr. 25.) The ALJ further determined that Plaintiff was not able to perform his past relevant work but based upon his age, education, work experience and RFC, is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (Tr. 42.)

## IV. Plaintiff's Contention

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because it is based upon the VE's mistaken interpretation of the *Dictionary of Occupational Titles* ("DOT"). At the administrative hearing in this case, the ALJ posed three hypothetical questions to the VE. In the first hypothetical, the ALJ asked the VE to assume an individual with the same educational background and past work experience as Plaintiff who "can lift 50 pounds occasionally, 25 pounds frequently, stand six of eight hours, walk six of eight hours, and sit six of eight hours," is limited to occasional stooping and crouching, frequent overhead reaching, frequent handling and fingering with the right upper extremity and can only perform "simple one/two-step tasks in a low-stress work environment . . . [with] no public contact." (Tr. 122-23.) The VE testified that such an individual would not be able to perform Plaintiff's past relevant work but would be able to perform the following jobs that exist in the national and North Carolina economies: machine attendant (DOT 920.685-078); inspector (DOT 559.381-010); and hand packager (DOT 920.587-018). In the second and third hypotheticals, the VE was asked to consider the same hypothetical individual with additional restrictions for overhead reaching and

4

absenteeism. Although the VE was asked whether her testimony was consistent with the DOT, no answer appears in the transcript of the proceeding. (Tr. 124.) On examination by Plaintiff's attorney, the VE testified that all of the jobs identified are "pretty hand intensive in terms of using their hands" and that all three positions would require bilateral use of the hands "to some degree." (Tr. 128.) When further asked about the frequency of handling, the VE testified that all of the positions required frequent rather than constant handling.

The Social Security regulations do not require that an ALJ's step-five findings be based upon the DOT. Where, however, an ALJ relies upon vocational expert testimony in making a disability determination, the ALJ must identify and obtain a reasonable explanation for any conflicts between the expert's testimony and information contained in the DOT. SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Additionally, "a VE who purports to rely on the DOT for his opinion must rely on a *correct* recitation of the DOT. . . . [I]f a VE's testimony is based on a misunderstanding or misstatement of DOT criteria, then an ALJ's decision based, in turn, on such testimony cannot be said to be supported by 'substantial evidence.'" *Oxendine v. Massanari*, 181 F. Supp. 2d 570, 574 (E.D.N.C. 2001).

Plaintiff has demonstrated, and the Commissioner conceded at oral argument, that the VE's testimony is not consistent with the DOT. Although the VE testified that the occupations identified by her required only *frequent* handling, the DOT describes these jobs as requiring *constant* handling. Given the ALJ's determination that Plaintiff is limited to frequent handling and fingering with the right upper extremity and the VE's testimony that all three jobs require bilateral use of the hands, substantial evidence does not support the ALJ's finding that Plaintiff is able to perform the machine attendant, inspector and hand packager jobs. Accordingly, this matter should be remanded to the Commissioner.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #26] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #30] is DENIED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 28th day of May 2015.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge